IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

Plaintiff  United States of America

V.

Defendant  Jeffrey Jim Butler

NOTICE OF FILING OF TRANSCRIPT

File No.  4:12-cr-177-1

Notice is hereby given that an official transcript of  Change of Plea  as requested by  Workforce Safety  has been filed by the court reporter/deputy clerk in the above captioned matter.

The parties have seven (7) business days to file with the court a Notice of Intent to Request Redaction of personal identifiers as outlined in Federal Rules of Criminal Procedure 49.1 and Federal Rules of Civil Procedure 5.2.  This event can be found under Other Filings - Other Documents for both Civil and Criminal Events.

Within twenty-one (21) days of filing the official transcript, the attorney must file a Redaction Request.  The .pdf document e-filed using this new event should identify the page number, line number, and the item to be redacted.  *For example, Page 3, Line 14, Social Security Number.*  This event can be found under Other Filings - Other Documents in both civil and criminal events.

Unless otherwise ordered by the court, the attorney must review the following portions of the transcript:
1. opening and closing statements made on the party's behalf;
2. statements of the party;
3. the testimony of any witness called by the party;
4. sentencing proceedings, and
5. any other portion of the transcript as ordered by the court.

Only those identifiers listed in the rules can be redacted through this part of the process.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days.  The 90-day restriction policy applies only to transcripts of federal courtroom proceedings.  Redaction responsibilities apply to the attorneys even if the requestor of the transcript is a judge or a member of the public/media.

If only a part of the transcript is ordered, an attorney is not responsible for ordering and reviewing other parts of the proceeding.  For example, if just testimony is ordered, the attorney need not review the opening and closing remarks conducted by the attorney on behalf of the party.

An attorney serving as standby counsel appointed to assist a *pro se* defendant in his or her defense in a criminal case must review the same portions of the transcript as if the *pro se* defendant were his or her client.  If the transcript relates to a panel attorney representation pursuant to the Criminal Justice Act (CJA), including serving as standby counsel, the attorney conducting the review is entitled to compensation under the CJA for functions reasonably performed to fulfill the redaction obligation and for reimbursement for related reasonable expenses.

If an attorney wishes to redact additional information other than the personal identifiers as outlined in Federal Rules of Criminal Procedure 49.1 and Federal Rules of Civil Procedure 5.2,  he or she may make a motion to the court.  The transcript will not be electronically available until the court has ruled on any such motion, even though the 90-day restriction period may have ended.

Any person needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the transcript at the clerk's office public terminal.  There is no charge to view the transcript at the clerk's office public terminal.

Date  7/15/13

/s/ Sandra E. Ehrmantraut
Court Reporter (or Deputy Clerk)