IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| | ) **ORDER DISMISSING DEFENDANT'S** |
| Plaintiff, | ) **MOTION FOR HABEAS RELIEF** |
| | ) |
| vs. | ) Case No. 4:12-cr-177-1 |
| | ) |
| Jeffery Jim Butler, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| Jeffery Jim Butler, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-256 |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

Before the Court is Jeffery Jim Butler's "Motion to Vacate under 28 U.S.C. § 2255" filed on November 30, 2017. See Docket No. 260. The Government filed a response on December 4, 2017. See Docket No. 261. For the reasons set forth below, the motion is dismissed.

I. **BACKGROUND**

In late 2012, Butler was charged in a three-count indictment alleging kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count One); conspiracy to commit kidnaping in violation of 18 U.S.C. § 1201(c) (Count Two); and conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count Three). On April 23, 2013, Butler pled guilty to Count One and Count Three. On October 25, 2013, Butler was sentenced to 240-months imprisonment on each count with the sentences to run concurrently. Count Two was dismissed. No

appeal was taken. On October 20, 2014, Butler filed a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. Butler's Section 2255 motion was denied on February 18, 2015. See Docket No. 220. No appeal was taken. Now before the Court is Butler's second Section 2255 motion filed on November 30, 2017. See Docket No. 260.

## II. LEGAL ANALYSIS

The Court has reviewed the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings. This is the second Section 2255 motion Butler has filed and, thus, the motion is clearly successive. Before a second or successive Section 2255 motion may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. 28 U.S.C. §§ 2244(3) and 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005). If a federal inmate files a successive Section 2255 motion, the district court may either dismiss the motion for failure to obtain the required authorization or transfer the motion to the court of appeals. Id. The record reveals Butler has not sought authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under Section 2255 and, thus, dismissal is appropriate.

## III. CONCLUSION

After carefully reviewing the entire record and the relevant law, the Court finds that Butler's motion is a second or successive motion under 28 U.S.C. § 2255, filed without first obtaining authorization from the Eighth Circuit Court of Appeals under 28 U.S.C. § 2255(h). Accordingly, the Court issues the following **ORDER**:

1) Butler's motion (Docket No. 260) is **DISMISSED**.

2)     The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3)     Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 4th day of December, 2017.

                                              */s/ Daniel L. Hovland*
                                              Daniel L. Hovland, Chief Judge
                                              United States District Court